IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

THOMAS E. INMAN, an individual; on
behalf of himself and all others similarly
situated,

      Plaintiff,

vs.

ASSET ACCEPTANCE, LLC, a
Delaware Limited Liability Company; and
JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

      Defendants.
                                              /

Case No.:  2:11-cv-10379-PJD-RSW
Hon. Patrick J. Duggan

## PROTECTIVE ORDER

**WHEREAS**, the parties desire to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately information and material entitled to be kept confidential,

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties through their respective attorneys, that the following confidentiality order be entered, pursuant to Federal Rule of Civil Procedure 26(c):

    1.    Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL."  One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information.  Except for documents produced for inspection at the party's facilities, the designation of confidential information must be made prior

1

to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

2. A party wishing to designate portions of a transcript as confidential pursuant to this Order must request a copy of the transcript within 7 days of the completion of the deposition. Within 14 days after receipt of the deposition transcript, a party may designate as confidential those portions of the transcript which contain confidential matters by affixing a stamp conspicuously designating the information as **"CONFIDENTIAL"** on those pages of the transcript which the party seeks to protect. All transcripts will be treated as confidential until the expiration of the 14-day period described in this paragraph. A party making any designations shall serve upon all counsel of record a complete copy of the transcript including those portions containing the designations. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this order. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives taken before the entry of this order, may also be deemed confidential if they include discussions regarding documents already ordered "SEALED" by the Court.

3. At any time after the delivery of Protected Materials and Information, counsel for the party or parties receiving the documents may challenge the designation of all or any portion thereof as Protected by providing written notice thereof to counsel for the party disclosing or

producing the Protected Materials and Information. If the parties are unable to agree as to whether the designation of discovery material as Protected Materials and Information is appropriate, the party or parties receiving the Protected Materials and Information shall certify to the Court that the parties cannot reach an agreement as to the Protected nature of all or a portion of the documents. Thereafter, the party or parties disclosing or producing the Protected documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any portion of any Protected Materials and Information in dispute. If the party or parties producing the Protected Materials and Information does/do not timely file a motion for protective order, then the documents in dispute shall no longer be subject to confidential treatment as provided in this Order.

4. Information or documents designated as confidential under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in Paragraph (4) for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

5. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances with the requirements and acknowledgements set forth below:

(i) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good

faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order by executing a copy of Exhibit A to this Order.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and execute a copy of Exhibit A to this Order.thereby agreeing to be subject to the provisions of this Order.  No documents subject to this Order shall be shared with anyone until the party producing the documents has received a copy of Exhibit A signed by the party to whom disclosure is permitted under this Order.

6. Except as provided in Paragraph (4), counsel for the parties must keep all documents designated as confidential which are received under this Order secure within their exclusive possession and must place such documents in a secure area without public or client access in areas normally used for storage of legal documents.

7. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

8.   To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential pursuant to the above terms, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court.

9.   At the conclusion of the litigation, all material not received in evidence and treated as confidential under this Order must be returned to the originating party.  If the parties so stipulate in writing, the material may be destroyed.

10.   Until modified by agreement between the parties or by an additional Order of this Court, this Order shall remain in full force and effect.

11.   This Court retains jurisdiction of the parties hereto indefinitely respecting any dispute between them concerning improper use of information disclosed under protection of this Order.

12.   The party producing the Confidential document shall not waive any objection to the relevance or admissibility of the document by signing this Order or producing the document subject to the Order.

**SO STIPULATED:**

*s/ Brian Parker*  
Brian Parker (P47068)  
Attorney for Plaintiff  
30700 Telegraph Road, Suite 1580  
 Bingham Farms, MI  48025  
(248) 642-6268  
brianparker@collectionstopper.com

*s/ Robert M. Horwitz*  
Robert M. Horwitz (P51466)  
Counsel for Defendant  
Asset Acceptance, LLC  
28405 Van Dyke Avenue  
Warren, MI  48093  
Telephone:  (586) 983-7864  
rhorwitz@assetacceptance.com

**SO ORDERED.**

   **s/Patrick J. Duggan**  
   **Patrick J. Duggan**  
   **United States District Judge**

**Dated: May 24, 2011**
**I hereby certify that a copy of the foregoing document was served upon counsel of record on Tuesday, May 24, 2011, by electronic and or ordinary mail.**

        **s/Marilyn Orem**
        **Case Manager**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

THOMAS E. INMAN, an individual; on
behalf of himself and all others similarly
situated,

        Plaintiff,                  Case No.: 2:11-cv-10379-PJD-RSW
                                                Hon. Patrick J. Duggan

vs.

ASSET ACCEPTANCE, LLC, a
Delaware Limited Liability Company; and
JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

        Defendants.
_____/

### ACKNOWLEDGMENT OF INFORMATION OF DISCLOSURE RESTRICTIONS

    _____ states as follows:

1.    I have read and know the contents of the Stipulated Protective Order dated _____, 2011 and filed in the above-entitled action on _____, 2011.

6

2. I am one of the persons described in Paragraph 4(iii)-(iv) of the Stipulated Protective Order, and I am executing this affidavit to satisfy the conditions provided in Paragraph 4(iii)-(iv) of the Stipulated Protective Order prior to the disclosure to me of any Confidential Matter as said term is defined and described in the Stipulated Protective Order.

3. I expressly represent and agree that:

(a) I have read and agree I shall be fully bound by the terms of the Stipulated Protective Order;

(b) All such Confidential Matter disclosed to me pursuant to the Stipulated Protective Order shall be maintained by me in strict confidence, and I shall not disclose or use the original or any copy of, or the subject of, the Confidential Matter except in accordance with the Stipulated Protective Order;

(c) If I am entrusted with the possession of any copies of the Confidential Matter, I will take all reasonable precautions to avoid any inadvertent disclosure of the Confidential Matter and upon completion of the task for the purpose of which the disclosure is made I will return all copies of the Confidential Matter to the attorneys making the disclosure to me and either destroy or turn over to that counsel any notes or memoranda I have regarding the Confidential Matter;

(d) I shall not disclose the contents or subject matter of any such Confidential Matter to anyone, other than in accordance with the Protective Order (including the requirement of obtaining an affidavit) at anytime hereafter.

4. I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person wherever I shall be, for the enforcement of the Court's Order.

Dated: _____, 2011        _____